IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YASH RAJ FILMS (USA), INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DALJIT SINGH SIDHU, Individually ) <br> and d/b/a DISCOUNT MART, and DOES) <br> 1 - 25, ) <br> ) <br> Defendants. ) <br> _____) | CV F 09 - 0233 AWI GSA <br><br> ORDER ON PLAINTIFFS <br> MOTION FOR SUMMARY <br> JUDGMENT, REQUEST FOR <br> STATUTORY DAMAGES AND <br> RELATED ORDERS <br><br> Doc. # 19 |

  This is an action for copyright infringement and Lanham Act violation by plaintiff Yash Raj Films, Inc. ("Plaintiff") against defendant Daljit Singh Sidhu ("Defendant"). In criminal case number 07cr0178 (hereinafter the "Criminal Case"), Defendant entered a plea of guilty to a single count of criminal copyright infringement in violation of 17 U.S.C. § 506(a)(1)(A), and 18 U.S.C. § 2319(b)(1). In the instant motion Plaintiff, one of the copyright owners whose works were infringed in the criminal action, seeks summary judgment as to Plaintiff's liability, imposition of permanent restraining orders, statutory damages, and attorney's fees. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1331 and 1338. Venue is proper in this court.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

  Although Plaintiff has proffered a number of undisputed material facts in support of the motion for summary judgment, the key facts in controversy in this case are facts necessarily

admitted by Defendant in the process of entering a plea of guilty in the Criminal Case. While a number of Plaintiff's proffered undisputed material facts are admitted by Defendant, the material facts that go to the issue of whether there was wilful infringement of Plaintiff's titles and logo are denied by Defendant without exception. Thus, the viability of Plaintiff's motion for summary judgment rests to a large extent on whether Plaintiff may apply the doctrine of collateral estoppel offensively to prevent Defendant from denying facts that were necessarily established by Defendant's plea of guilty in the Criminal Case. Whether Plaintiff may invoke offensive collateral estoppel in this case will be discussed below. The following is a general description of the factual background of the case.

Plaintiff holds the exclusive rights to produce and distribute copyrighted works originally produced in India into the United States in digital media formats including VCD, CD and DVD formats. The works are original motion pictures and audio sound recordings. There is no dispute that the works have been copyrighted in full compliance of the Copyright Act and duly registered. Copyrighted works produced lawfully by Plaintiffs for distribution in the United States and Canada bear Plaintiff's registered trademarks and registered stylized "Y" logos. It is also not disputed that Plaintiff has "complied with all formalities required by the Lantham Act" to register and maintain exclusive rights to Plaintiff's registered marks.

At all times relevant to the allegations set forth in the complaint, Defendant was co-owner and operator of two businesses known as "India Currency Exchange" and "Discount Mart,"[1] both located in Bakersfield, California. Among other business activities, Discount Mart rented and sold DVD's of Indian films. On February 25, 2008, Defendant entered a plea of guilty to a single count of criminal copyright infringement in violation of 17 U.S.C. § 506(a)(1)(A) and 18 U.S.C. § 2319(b)(1). In entering the plea of guilty, Defendant admitted the following conduct:

    At all time relevant to this Indictment, [Defendant] co-owned and operated

---

[1] According to the Presentence Investigation Report prepared by the Probation Department in the Criminal Case, India Currency Exchange was physically located inside of Discount Mart. The former was the subject of investigation in a separate criminal proceeding involving a relative of Defendant, Jagdeep Sidhu.

2

businesses known as India Currency Exchange and Discount Mart which, among other things, engaged in the business of selling and renting motion picture digital versatile disc movies. ¶ At all times relevant herein, India Currency Exchange and Discount Mart were located at 250 White Lane, Bakersfield, California.

Beginning at a time unknown but no later than on or about December 1, 2005, and continuing to on or about December 31, 2006, in the State and Eastern District of California, [Defendant] did wilfully and for purposes of private financial gain and commercial advantage, infringe the copyright of motion pictures by reproducing and distributing during a 180-day period approximately 1,500 copies of copyrighted works without the permission of the copyright holders, which works had a total retail value of more than $2,500, including, but not limited to:

| Motion Picture/Song Title | Copyright Owner |
|---|---|
| [Titles Omitted] | [Copyright Owners Omitted] |
| Kabbi Khushi Kabhie Gham | Yas Raj Films (USA), Inc. |
| Dilwale Dulhania Le Jayenge | Yas Raj Films (USA), Inc. |
| Mere Yaar Ke Shaadi Hai | Yas Raj Films (USA), Inc. |
| Shree 420 | Yas Raj Films (USA), Inc. |
| [Titles Omitted] | [Copyright Owners Omitted] |

all in violation of Title 17, United States Code, Section 506(a)(1)(A) and Title 18, United States Code, sections 2319(b)(1) and (2).

Doc. # 20 - 3 at pp 16 - 17. As part of the plea agreement, Defendant agreed to the forfeiture of approximately 4,635 counterfeit DVD's, a DVD duplicating machine, computer, two printers and assorted related supplies.

In his opposition to Plaintiff's motion for summary judgment, Defendant admits he entered into the plea agreement but states that he only did so to avoid a trial which he could not afford. Defendant denies any infringing activity at all and alleges the forfeited items were used to copy private family and religious videos to DVD format. Plaintiff alleges the copying equipment did not function properly and could not copy Indian DVD's.

The complaint in the instant action was filed on February 4, 2009. Plaintiff's motion for summary judgment was filed on February 8, 2010. Defendant, who is representing himsel *pro se* in this action, filed his opposition was on January 14, 2010,. Plaintiff's reply was filed on

January 21, 2010.  On February 4, 2010, the court vacated the date set for oral argument and took the matter under submission.

## LEGAL STANDARD

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Poller v. Columbia Broadcast System, 368 U.S. 464, 467 (1962); Jung v. FMC Corp., 755 F.2d 708, 710 (9th Cir. 1985); Loehr v. Ventura County Community College Dist., 743 F.2d 1310, 1313 (9th Cir. 1984).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Although the party moving for summary judgment always has the initial responsibility of informing the court, the nature of the responsibility varies "depending on whether the legal issues are ones on which the movant or the non-movant would bear the burden of proof at trial."  Cecala v. Newman, 532 F.Supp.2d 1118, 1132-1133 (D. Ariz. 2007).  When the moving party has the burden of proof at trial, that party must carry its initial burden at summary judgment by presenting evidence affirmatively showing, for all essential elements of its case, that no reasonable jury could find for the non-moving party. United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir.1991) (en banc); Calderone v. United States, 799 F.2d 254, 259 (6th Cir. 1986); see also E.E.O.C. v. Union Independiente De La Autoridad De Acueductos Y Alcantarillados De Puerto Rico, 279 F.3d 49, 55 (1st Cir. 2002) (stating that if "party moving for summary judgment bears the burden of proof on an issue, he cannot prevail unless the evidence that he provides on that issue is conclusive.")

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  Matsushita Elec.

4

Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968); Ruffin v. County of Los Angeles, 607 F.2d 1276, 1280 (9th Cir. 1979). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the mere allegations or denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Rule 56(e); Matsushita, 475 U.S. at 586 n.11; First Nat'l Bank, 391 U.S. at 289; Strong v. France, 474 F.2d 747, 749 (9th Cir. 1973). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Anderson, 477 U.S. 248-49; Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." First Nat'l Bank, 391 U.S. at 290; T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments); International Union of Bricklayers v. Martin Jaska, Inc., 752 F.2d 1401, 1405 (9th Cir. 1985).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Rule 56(c); Poller, 368 U.S. at 468; SEC v. Seaboard Corp., 677 F.2d 1301, 1305-06 (9th Cir. 1982). The evidence of the opposing party is to be believed, Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn

5

in favor of the opposing party, Matsushita, 475 U.S. at 587 (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)(per curiam); Abramson v. University of Hawaii, 594 F.2d 202, 208 (9th Cir. 1979). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).

**DISCUSSION**

**I. Liability**

Plaintiff's motion for summary judgment does not request judgment as to specific claims for relief nor does it specifically address the differences in elements that constitute the types of infringement alleged in the first three claims – direct, contributory and vicarious. Rather, Plaintiff's motion alleges facts and presents arguments that a number of Plaintiff's titles were infringed and that a corresponding number of registered trademarks were infringed. The court interprets Plaintiff's motion as a motion for summary judgment as to Plaintiff's first and fourth claim for relief for infringement and for violation of the Lanham Act, respectfully. On the basis of these claims, Plaintiff requests permanent injunctive relief, statutory damages and attorney fees. The court will first address Defendant's liability and will then address each of Plaintiff's requests.

*A. Non-Mutual Offensive Collateral Estoppel*

The first issue raised by Plaintiff's motion for summary judgment and by Defendant's denial of the factual basis for Plaintiff's recovery is whether Defendant is estopped from denying facts he admitted in entering his plea of guilty in the Criminal Case. Federal courts have adopted a formulation of collateral estoppel that both permits offensive use and may be applicable where the plaintiff in the second suit was not a party to the first. See Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 329-332 (1979) (committing the application of non-mutual offensive collateral estoppel to the discretion of the district court). The factors set forth by the Parklane

court for the determination of whether offensive collateral estoppel should apply include:

1. Whether application of the doctrine is unfair to the defendant under the circumstances;
2. Whether the defendant had a full and fair opportunity to litigate the prior action;
3. Whether the second suit would afford the defendant more advantageous procedural opportunities than those afforded in the first suit;
4. Whether the defendant had incentive to vigorously defend the first suit;
5. That the potential damages in the first action were not insignificant;
6. Whether the plaintiff in the second action could easily joined in the first action; and
7. Whether the judgment relied upon is consistent with other prior judgments.

Columbia Pictures, Inc. v. T&F Enterprises, Inc., 68 F.Supp.2d 833, 839 (E.D. Mich. 1999) (citing Parklane, 439 U.S. at 329 - 331)).

Applying these factors to the facts at bar, the court finds no cause to deny application of collateral estoppel to Defendant's allegations of non-infringement. Application of collateral estoppel is not unfair to Defendant in this case because Defendant had a full and fair opportunity to litigate in the Criminal Case and had every incentive to do so. Further, Defendant had the means to defend and, if anything, a procedural advantage as the defendant in a criminal action. The decision to apply offensive collateral estoppel to prevent denial of facts admitted in a prior criminal action is consistent with Ninth Circuit case law. See Ivers v. United States, 581 F.2d 1362, 1366 - 1367 (9th cir. 1978) (applying collateral estoppel to prevent defendant in prior criminal case from denying wilful violation of a reporting statute). Application of offensive non-mutual collateral estoppel in the context of a civil suit following criminal conviction for copyright violation is illustrated by Columbia Pictures, 86 F.Supp.2d at 839 - 840.

The court concludes that the doctrine of non-mutual offensive collateral estoppel applies under the facts of this case and Defendant is therefore estopped from denying that he willfully infringed Plaintiff's copyrights with respect to the four titles listed above.

**B. Scope of Liability for Infringement**

Although Plaintiff's motion for summary judgment requests damages based on the

number of works and marks infringed, neither Plaintiff's complaint or Plaintiff's motion for summary judgment allege a specific number of infringed titles or infringed trademarks. In Defendant's plea agreement in the Criminal Case, Defendant admits to infringement of the four titles listed above. At Exhibit "G-2" annexed to Plaintiff's complaint, there is a compiled list of a total 298 copies of a total of 34 titles that were seized during the search of Discount Mart that are allegedly infringing as determined by Plaintiff's agent, Vaibhav Rajput. The only indication that Plaintiff is requesting summary judgment as to all 34 titles listed in Exhibit G-2 is set forth in Plaintiff's proposed order. The court has examined Plaintiff's exhibits and finds it lacks a sufficient evidentiary basis to make a finding of infringement as to all 34 titles.

Defendant's plea agreement and subsequent judgment of guilty on the basis of that agreement is integral to Plaintiff's contention that summary judgment is proper. As Plaintiff notes, "[t]o establish a successful copyright infringement claim, a plaintiff must show that (1) she owns the copyright and (2) defendant copied protected elements of the copyrighted work." Smith v. Jackson, 84 F.3d 1213, 1218 (9th Cir. 1996). Plaintiff has adequately established ownership of copyrights for each of the 34 titles listed in Exhibit G-2. However, Defendant has admitted copying only as to the four titles listed in the plea agreement in the Criminal Case. While Defendant admitted that the copies seized as a result of the search of his business were subject to forfeiture because they were infringing, he did not admit to being the infringer as to titles other than the four listed.

The court concludes that the evidence now before it does not permit a finding that Defendant was the actual infringer – that is, the party who actually copied – all 34 of the infringed titles listed in Exhibit G-2. Rather, the court finds it may only conclude that, as a matter of law, Defendant wilfully infringed Plaintiff's copyrights as to the four titles listed in the plea agreement. The court finds that Defendant is liable on Plaintiff's motion for summary judgment for infringement only as to those four titles listed in the plea agreement that was the basis of Plaintiff's guilty plea. The court also finds Plaintiff's infringement as to those four titles

was willful.

### C. Lanham Act Liability

Plaintiff's complaint alleges violation of section 43(a) of the Lanham act, 15 U.S.C. § 1125(a), which prohibits false designation of the origin of goods. In the context of counterfeit goods, the elements constituting violation of 15 U.S.C. §§ 1114(1) and 1125(a) are the same. The elements of a claim are satisfied in each case where a plaintiff can show that "(1) it owns a valid and protectable trademark, and (2) the defendant used in commerce a similar mark without authorization in a manner likely to cause consumer confusion, deception or mistake." Philip Morris USA, Inc. v. Liu, 489 F.Supp.2d 1119, 1122 (C.D. Cal. 2007). To the extent Plaintiff's complaint could also be construed to assert a claim pursuant to 15 U.S.C. § 1114, facts sufficient to warrant summary judgment as to one claim would be sufficient to warrant summary judgment on the other.

The court has reviewed the photographs of packaging associated with the four titles Defendant admitted to infringing that are provided at Exhibits "K-5," "K-7," "K-15," and "K-23" annexed to Plaintiff's motion for summary judgment. Each appears to depict a case label and disc label for a DVD video corresponding to each of the four titles listed in the plea agreement. Each of the four case labels features Plaintiff's stylized "Y" logo and depicts actors and scenes from the motion pictures. The court concludes that each of the four listed exhibits depicts labels for motion picture DVD's that resemble the labeling that would be used to package non-infringing copies of motion picture DVD's closely enough that consumer confusion, deception or mistake is likely to result. As above, Plaintiff has adequately demonstrated ownership of trademarks corresponding to elements of each of the four labels. Because Defendant has admitted the copies associated with the labels for the four titles were counterfeit and were distributed in commerce, the court finds Plaintiff has demonstrated that Defendant has violated section 43(a) of the Lanham act with respect to the case and disc labels associated with the four titles listed in Defendant's plea agreement as a matter of law.

## II. Injunctive Relief

Permanent injunctive relief is authorized under both the Copyright Act, 17 U.S.C. § 502(a), and under the Lanham Act, 15 U.S.C. § 1116(a). In both cases, permanent injunctive relief is granted at the discretion of the district court. See Century 21 Real Estate Corp. v. Sandlin, 846 F.2d 1175, 1180 (9th Cir. 1988) ("Century 21") (court's decision to issue permanent injunction for trademark infringement reviewed for abuse of discretion); Apple, Inc. v. Psystar Corp., 2009 WL 4981139 (N.D. Cal. 2009) at * 3 (same with regard to copyright infringement). Generally, public policy favors the issuance of permanent injunctive relief in cases of infringement of intellectual property rights. Nintendo of America, Inc. v. Lewis Galoob Toys, Inc., 16 f.3d 1032, 1038 (9th cir. 1994). In cases of trademark infringement under the Lanham Act, injunctive relief "is the remedy of choice," Century 21, 846 F.2d at 1180, and a district court abuses its discretion if it denies permanent injunction in the absence of an affirmative and irrefutable showing that the infringer will not continue to infringe in the future. Polo Fashions, Inc. v. Dick Bruhn, Inc., 793 F.3d 1132, 1135 (9th cir. 1986).

With regard to copyright infringement, courts appear to be a little more exacting, applying a four-factor test to determine if permanent injunction should issue. Apple, 2009 WL 4981139 at *3.

> Such relief [as permanent injunction] does not automatically issue upon a finding of liability. Rather a plaintiff must show entitlement of a permanent injunction by demonstrating: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

Id. (citing eBay, Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006).

Although irreparable injury is not presumed in copyright infringement as it is in trademark infringement, courts will find irreparable harm where the quality of the infringing material is less than that of the legitimate product and the legitimate producers reputation suffers as a consequence. Apple, 2009 WL 4981139 at *3-4. Plaintiff asserts that Defendant's

production of counterfeit DVD's produced sub-standard copies that were of lower quality than DVD originals. Defendant does not contradict this claim. Counterfeit production results in a low quality product that erodes consumers' perceptions of Plaintiff's product because consumers confuse the counterfeit with the legitimate product. Plaintiff's reputation as a producer of quality DVD recordings of film titles is thus eroded. The court finds that Plaintiff has adequately shown irreparable damage.

This court also finds that monetary damages are inadequate to compensate Plaintiff for the injury suffered. Here the nature of the injury is much the same as was the case in Apple. Here, as in Apple, Plaintiff has suffered loss of business reputation and good will, and Defendant's financial condition makes it doubtful that Defendant will ever be able to adequately pay any substantial amount of statutory damages. See id. at *4 - *5. The court therefore finds legal remedies are inadequate to fully compensate Plaintiff for harm suffered.

In balancing the hardships, the court notes that Plaintiff's proposed order for permanent injunctive relief essentially requests that Defendant be enjoined from participating in any further infringing activities or from facilitating the infringing activities of others. Since Defendant can have no legitimate interest in any of these activities, Defendant will suffer no hardship from being permanently enjoined.

Finally, as noted above, public policy favors injunctive relief to remedy the infringement of intellectual property rights. The court concludes therefore that a permanent injunction against Defendant's infringing activities will not offend public policy. In sum, the court concludes that Plaintiff is entitled to permanent injunctive relief against Defendant as requested.

**III. Damages**

Both the Copyright Act and the Lanham Act provide for recovery of actual damages or, in the alternative statutory damages. "A plaintiff is entitled to a separate award of statutory damages under both the Copyright Act and the Lanham Act where the defendant's conduct simultaneously infringe[s] the plaintiff's copyright and its trademark." In re Mann, 410 B.R.

43,49 (C.D. Cal. 2009) (citing Nintendo of America v. Dragon Pac. Int'l, 40 F.3d 1007, 1011 (9th Cir. 1994). In the instant action, Plaintiff requests an award of statutory damages for non-wilful infringement, both as to the copyright infringement claim and the Lanham Act claim. Plaintiff requests that the court award $30,000 for each copyright title infringed and $50,000 for each trademark infringed. Pursuant to 17 U.S.C. § 504 (c)(1), the owner of an infringed copyright may be awarded a minimum of $750.00 and a maximum of $30,000.00 for each work infringed. Similarly, 15 U.S.C. § 1117(c) provides that a trademark owner may request at any time before judgment an award of statutory damages of not less than $500.00 and not more than $100,000.00 per mark infringed under the Lanham Act.[2] In both cases, the amount of the award is at the discretion of the court. See Peer Int'l Corp. v. Pausa Records, Inc., 909 F.2d 1332, 1336 (9th Cir. 1990 ) (court has wide discretion to set statutory awards under Copyright Act); Harris v. Emus Records Corp., 734 F.2d 1329, 1335 (9th Cir. 1984) (same under Lanham Act).

Courts assessing claims for statutory damages under both the Lanham and Copyright Acts may look to the same factors. Cartier v. Symbolix, Inc., 544 F.Supp.2d 316, 318 (S.D. N.Y. 2008). These factors include:

> (1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the copyright; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or wilful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant.

Id.; see also In re Mann, 410 B.R. at 48.

With regard to the first three factors, the court has no information at all. Plaintiff, when asked to give a victim impact statement for purposes of preparation of the Presentence Investigation Report, stated that it was not possible to determine in a single instance, such as the one at bar, what the losses were but that losses experienced by all of Plaintiff's attorney's clients for all infringing activities is estimated to be on the order of $250,000,000 per year. Plaintiff's

---

[2] The Lanham Act was amended in 2008 to provide that the range for statutory damages for non-wilful violation is lot less than $1,000.00 or more than $2,000,000.00 per mark infringed.

12

attorney alleges that nationwide, sales of pirated films and CD's outnumber sales of legitimate copies by a factor of 2:1. While courts often try to craft an award of statutory damages that bears a "'plausible relationship'" to a plaintiff's actual damages, Adobe Systems, Inc. v. Tilley, 2010 WL 309249 (N.D. Cal. 2010) at *5; it is well settled that a plaintiff whose works have been infringed is entitled to statutory damages "'whether or not there is adequate evidence of the actual damages suffered by the plaintiff of the profits reaped by the defendant.'" Peer Int'l Corp., 909 F.2d at 1337. Similarly, the court has no information as to the sixth factor.

Plaintiff's primary argument for the amount of statutory damages requested is based on the fourth and seventh factors listed above; the deterrence of others and the deterrence of Defendant from further infringing activity. In addition, Plaintiff points out that Defendant's infringing activity, as least with regard to the four titles where infringement was admitted, was found to be wilful. As courts of this circuit have noted, a "plaintiff in a trademark or copyright infringement case is entitled to damages that will serve as a deterrent, [but is] not entitled to a windfall." Adobe Systems, 2010 WL 309249 at *5. Based on a finding that a total of four titles were subjected to copyright infringement and assuming for purposes of this discussion that one registered trademarks was infringed for each of the copyrighted titles that were infringed, Plaintiff's request for statutory damages amounts to $320,000.00. The question before the court is whether this sum adequately provides the deterrent effect to which Plaintiff is entitled and, if so, whether the amount crosses over the line that divides deterrence from windfall.

As Plaintiff points out, piracy of films produced in India is commonplace and Plaintiff's pleadings reflect that most of the infringing activities are probably carried out as here by small time operators who individually probably generate rather modest gains from their infringing activities. Plaintiff complains that damage awards are often too small to have much deterrent effect which fails to curb the substantial harm done by the collective infringement of many such small time operators. However, there is a point at which an award of statutory damages becomes mostly symbolic in the sense that the amount awarded can vastly exceed any amount Plaintiff

could reasonably expect to recover from the run-of-the-mill infringer. Defendant's financial condition, as reflected by the Presentence Investigation Report indicates Defendant had a total net worth of $84,000 and a monthly disposable income of minus $402.

While the court recognizes that ability to pay damages is not among the factors generally recognized in reaching an amount of statutory damages, consideration of ability to pay does help inform the decision of where adequate deterrence may become a windfall. Based on the size of Defendant's operation, his income and financial liabilities and the quantity of materials seized, the court concludes that statutory damages in the sum of $80,000 would both adequately compensate Plaintiff for damages directly caused by Defendant's infringing conduct and would provide adequate deterrence from such future conduct both as to Defendant and as to others

**IV. Attorney Fees and Costs**

Both the Copyright Act and the Lanham Act authorize the award of attorneys' fees and costs. In re Mann, 410 B.R. at 51. The Copyright Act makes attorneys' fees available to the prevailing party at the court's discretion. 17 U.S.C. § 505; Fogerty v. Fantasy Inc., 510 U.S. 517, 534 (1994). "The Lanham Act authorizes the award of reasonable attorneys' fees in exceptional cases, which has been defined by the Ninth Circuit as cases where the infringement can be defined as 'malicious, fraudulent, deliberate, or wilful.'" Id. (citing Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1023 (9th Cir. 2002); 15 U.S.C. § 1117(a). Given that Defendant's infringement of Plaintiff's works was admittedly wilful with respect to the four titles listed, the court concludes that Plaintiff is entitled to attorneys' fees with respect to those four titles.

Plaintiff correctly states the method for calculation of an award of attorneys' fees and has provided a reasonably detailed schedule of time and tasks billed. See Exhibit "U" appended to Plaintiff's motion for summary judgment. Because the court cannot grant summary judgment as to the thirty titles allegedly infringed by Defendant but not admitted to in the plea agreement, the court will deduct from Plaintiff's attorneys' fees statement those fees and costs identifiably

linked to Plaintiff's claims regarding those thirty titles. The expenses the court can identify that should be excluded were generated between December 3, 2009, and December 11, 2009, and total $8,847.50. Plaintiff claims the sum of $37,378.75 in attorneys' fees and $2,574.21 in costs for attorney William Poppe, and the sum of $1,490.40 for local attorney Stephen Marks. The total claim for fees and cost is $41,443.36. Subtracting the amount disallowed yields a total of $32,595.86 in allowable attorneys' fees and costs.

## CONCLUSION AND ORDERS

Pursuant to the foregoing discussion, the court hereby ORDERS that Plaintiff's motion for summary judgment is GRANTED as to Plaintiff's first and fourth claims for relief. Because summary judgment is granted as to Plaintiff's first and fourth claims for relief, Defendant is hereby PERMANENTLY ENJOINED from:

1. duplicating, manufacturing, or copying any copyrighted motion picture (or any portion thereof) of which Plaintiff is the copyright registrant, assignee or exclusive licensee, without Plaintiff's consent, including Plaintiff's Copyrighted Works;

2. renting, selling, lending, exchanging, trading, displaying or distributing any unauthorized video cassette or DVD or any other unauthorized copy of any copyrighted motion picture (or any portion thereof) of which Plaintiff is the copyright registrant, assignee or exclusive licensee, including Plaintiff's Copyrighted Works;

3. offering to do any of the acts enjoined in subparagraphs (1) and (2) above;

4. in any manner infringing or contributing to or participating in the infringement by others of any of the copyrights or exclusive rights under copyright in said Plaintiff's Copyrighted Works (or any portion thereof), and from acting in concert with, aiding or abetting others to infringe any of said copyrights or exclusive rights under copyright in any way; and

5. using the titles of motion pictures in which Plaintiff owns exclusive rights under copyright, or using the Plaintiff's Registered Marks, in connection with unauthorized video cassetts or DVDs or in any manner which is not authorized by Plaintiff or is likely to cause confusion, mistake or deception in connection with the distribution, advertising, promotion and sale of video cassettes, CDs or DVDs of motion pictures and audio sound recordings in which Plaintiff owns the copyright or exclusive rights under copyright and form attempting, causing or assisting any of the described actions to occur.

FURTHER, the court, having found that Defendant did infringe four of Plaintiff's copyrighted works and did infringe four of Plaintiff's registered trademarks hereby ORDERS that Defendant shall pay statutory damages to Plaintiff in the sum of $80,000.00. The court

15

further ORDERS that Defendant shall pay Plaintiff's attorneys' fees and costs in the amount of $32,595.86.

IT IS SO ORDERED.

**Dated:**   **March 18, 2010**            **/s/ Anthony W. Ishii**
                                                               CHIEF UNITED STATES DISTRICT JUDGE